Smith, J.
After this cause came into this court on appeal, the princi *383 pal question which waslitigated in the court of common pleas, viz., whether the assessment made by the city on the lots oí the plaintiff for the improvement of Apple street was void, for the reason that the ordinance providing for the improvement was not legally passed, was settled by the decision of the Supreme Court, affirming, without report, the decision of this court in the case of Hinsch v. The City of Cincinnati, 31 W. L. B. 252, and thereby holding that the curative act of January 11, 1893 (90 Ohio Laws, 5), was a valid and binding statute, to be enforced by the courts, and thus establishing the doctrine that the collection of any assessment heretofore levied or ordered to be levied, for the improvement of any street or alley heretofore improved, shall not be perpetually enjoined or declared void in consequence of any error or informality in the manner of the passage of the ordinance for such improvement in failing to properly suspend the rule prescribed by section 1694 of the Revised Statutes, requiring ordinances of a permanent or general nature to be fully and distinctly read on three different days, or in suspending the said rule as to two or more of said ordinances upon one and the same vote,'or putting two or more of such ordinances upon their passage without a separation, and upon one and the same roll call of the yeas and nays, and upon one and the same vote passing two or more of such ordinances.
The statute, however contains the further j>rovisions that the court in which any such action is pending to enjoin the levy or collection of such an assessment, shall allow the property owner bringing such proceeding to show wherein he has been injured, if at all, by reason of such suspension ofthe rule, or of such passage of such ordinance in the manner complained of, and if no injury was done to such plaintiff thereby, the court should permit and order such assessment to stand against the property as levied; or if injury to such party is shown, nevertheless, upon satisfactory proof that expense has been incurred by the municipal corporation which is a proper charge against the owner of the abutting property in question, *384 the court shall render judgment against such person for the amount properly chargeable against the same.
As has been said, the original claim of the plaintiffs in this case was, that the ordinance was improperly passed in one of the ways mentioned in the curative statute, and there was no claim that the lots had been assessed for too great an amount.
After the case came into this court, and after the decision of the Hinsch case by the Supreme Court, one of the plaintiffs obtained leave to file an amendment to the petition, and it was filed, averring that two of said lots so assessed as aforesaid, were corner lots, and that both were vacant and unimproved, and that one of them fronted 25 feet on Blue Rock street, and abutted 124.22 feet on Apple street, and that the other fronted 25 feet on Palm street, and abutted 115 feet on Apple street. That each of said lots had been erroneously assessed for each foot thereof which abutted lengthwise on Applestreet, and without regard to their true frontage on the other intersecting streets. That an assessment levied thereon, according to their true frontage, would amount only to the sum of $90.-68 on each of said lots, while the assessment as made against one of said lots was $344.07, and against the other $371.66. That the assessment made on lot 237 of $344.07 exceeds 25 per centum of the value of said lot, and that the assessment on the other lot 236 of $371.66, with other assessments levied thereon within five years, exceeds the value of said lot.
The plaintiffs, by a second amendment, aver that the assessments made upon their property are void, for the reason that on June 19, 1889, the Board of Aldermen of Cincinnati, and on July 19, 1889, the Board of Council men of said citw, severally passed the resolution declaring it to be necessary to improve Apple street by voting upon the same jointly with three other resolutions declaring it necessary to improve three other streets, and by passing all four of said resolutions by one and the same vote, and one and the same call of the yeas and nays, without any separation or division of the question in either of said boards. And they therefore claim and pray *385 that such assessments shall be.declared void and invalid by the court.
The city demurred to the amendments to the petition, on the ground that they do not state a good cause of action.
The demurrer is not in proper form, and does not raise the question suggested by the city. It should have been to the petition as amended, and not to the amendment thereto. And if more than one cause of action is presented a demurrer should have been presented to each, as one may be good and the other not, and this would require the demurrer as filed to be overruled. But we state briefly our views on the questions presented in argument.
The first amendment to the petition was evidently intended to raise the question as to the amount of the assessment levied on the foot front of the side of those lots abutting lengthwise on Apple street, when the real front of the lot is not upon the street improved, and is much less. The lots being vacant and entirely unimproved, as we understand, the same question is raised that was decided by the Supreme court in the Haviland ■case.
And on the averments made, we think a good defense to a part of the claim of the city is asserted, and so of the allegation that the amount of the assessment made on these particular lots for the improvement, is more than 25 per cent, of the value of the lots as improved.
But the principal question presented and argued is, whether the whole assessment on the lots of plaintiffs is invalid, for the reason that the resolution declaring it to be necessary to improve Apple street, was passed in the mode and manner pointed out in the answer.
It is claimed by counsel for the plaintiffs, that as it was held in the Campbell case, 49 Ohio St. 463, that an ordinance to improve a<-street, to be legal, must be passed separately, and not in conjunction with other ordinances to improve other streets, and by the same vote, that the reasons assigned for this holding apply with equal, if not greater force, to a resolu *386 tion declaring it necessary to make suck improvement. That the latter is jurisdictional, and therefore, the essential foundation of a valid assessment therefor; 18 Ohio St. 85; 27 Ohio St. 527; and therefore it follows, that to prevent the evils which would flow from allowing several resolutions declaring it necessary to make several distinct improvements, to be passed by one and the same vote, public policy requires that the same holding be made as to the passage of such a resolution as was made by the Supreme Court in the Campbell case, and that as the act of January 11, 1893, only provided a cure for the improper passage of such ordinances to improve, that it cannot be held to extend to and be operative to cure like errors in the passage of resolutions declaring the necessity of the improvement.
W. M. Ampt, for plaintiffs.
W. H. Whittaker, for City.
We think there is much plausibility and force in this claim. But still we incline strongly to the opinion, that as the legislature has deemed it wise and proper by the act referred to, to provide that, in cases where the ordinance for the improvement has been passed in a manner which was held in the Campbell case to be in contravention of public policy, that an assessment thus made is not to be perpetually enjoined or declared void for this reason, but that corrections of the amount should be made in a proper case; and although the statute does not expressly mention resolutions of this kind, that they do come within the reason and spirit of the statute, and that it should be held to apply to them, as well as to ordinances. That it was the intention of the legislature to enact that no such objection to the action of the municipal authorities should avail to make the assessment illegal. Entertaining these views, we would not be disposed to hold the entire assessment valid, but would apply the same rule as to any injury that may have resulted to plaintiffs from the passage of the resolution in the way it was done, or allow for the expense incurred by the corporation in making the improvement, in conformity with the terms of the curative act.